## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIE MACK HENRY | ) | |
| BRIAN POWELL, | ) | |
| SHAUN POWELL, | ) | |
| MELVIN THOMAS, | ) | CIVIL ACTION NO. |
| EBB O'NEAL, JR, | ) | |
| AUTHOR LEE HAVARD, | ) | |
| CHARLINE WRIGHT, | ) | JURY TRIAL DEMANDED |
| CAROLYN HORNE, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|       v. | ) | |
| | ) | |
| COMMUNITY OF HOPE CENTER, INC, | ) | |
| /d/b/a/ WALTER WESELY JOYNER | ) | |
| ACADEMY AND JOHNNY VAUGHN | ) | |
| | ) | |
|     Defendants. | ) | |

### *COMPLAINT*

Plaintiffs Willie Mack Henry, Brian Powell, Shaun Powell, Melvin

Thomas, Ebb O'Neal, Jr., Author Lee Havard, Charline Wright and Carolyn

Horne, by and through their undersigned counsel, respectfully submit this

Complaint against Defendants Community Hope Center, Inc.and Johnny Vaughn

("Defendants").  For their causes the Plaintiffs state as follows:

### *NATURE OF THE CLAIM*

1.      Plaintiffs bring this action to redress Defendants' violations of the Fair

Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201 *et seq.*

2.     This action seeks to recover unpaid minimum wages, unpaid overtime pay, liquidated damages, prejudgment interest, costs, and attorney's fees, and other relief under the FLSA, on the grounds set forth below.

*JURISDICTION AND VENUE*

3.     This Court has subject matter jurisdiction over the present action  pursuant to 28 U.S.C. §1331 because this action arises under the laws of the United States including the Fair Labors Standards Act, 29 U.S. C. §201, et seq ("FLSA"). Additionally, Defendants are subject to service in this judicial district; thus, this Court has personal jurisdiction.

4.     Under 28 U.S. C. § 1391 (b), venue properly lies in the Southern District of Georgia because a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

*THE PARTIES*

5.     Defendant  Community of Hope Center, Inc. /d/b/a/ Walter Wesley Joyner Academy,  is a not-for-profit corporation organized under the laws of the State of Georgia and is authorized to do business in the State of Georgia.  Community of Hope Center, Inc, provides residential and educational services to youth placed by the Department of Family and Children's Services.  The residents of Community of Hope Center, Inc. attend the Walter Wesley Joyner Academy for educational services.

6.     The employees of Community of Hope Center, Inc. also take the residents to school at the Walter Wesley Joyner Academy; supervise the children while they are in their classes at Walter Wesley Joyner Academy as well as during their lunch periods at Walter Wesley Joyner Academy.

7.     According to the Georgia Secretary of State's website, Community of Hope has its principal place of business at 531 Graham Street, Dublin, Laurens County, Georgia.   Defendant can be served via its Chief Executive Officer and registered agent Johnny Vaughn, located at 531 Graham Street, Dublin, Georgia 31021.

8.     Defendant Johnny Vaughn is a resident of Dublin, Laurens County, Georgia and is subject to service at his principal place of business at 531 Graham Street, Dublin, Georgia 31021.

9.     Plaintiff Willie Henry held the title of "Program Manager" for defendants from approximately March 2010 through June 2013.  Despite the title of "Program Manager" Mr. Henry primarily performed the duties of a house parent and supervised residents during school hours at the Walter Wesley Joyner Academy.

10.     Plaintiff B r i a n  P o w e l l  held the title of "Personnel Director" for defendant from approximately April 2013 through September 2013.  Despite the title of "Personnel Director", Mr. Powell performed the duties of house parent and supervised residents during school hours at the Walter Wesley Joyner Academy.

11.     Plaintiff Shaun Powell was a house parent for the Defendants from

approximately June 2013 to August 2013.  Plaintiff Powell also supervised residents during school hours at the Walter Wesley Joyner Academy.

12.     Plaintiff Melvin Thomas was a house parent for the Defendants from approximately April 2012 through June 2013.

13.     Plaintiff Ebb O'Neal, Jr. was a house parent for the Defendants from approximately September 2012 through June 27, 2013.

14.     Plaintiff Author Lee Havard was a house parent for the Defendants from approximately July 2011 through February 2013 and also supervised residents during school hours at the Walter Wesley Joyner Academy.

15.     Plaintiff Charline Wright was a house parent for the Defendants from approximately February 2012 through February 2014.

16.     Plaintiff Carolyn Horne was a house parent for the Defendants from approximately July 2012 through May 2014.

## *FACTUAL ALLEGATIONS*

17.     At all times relevant to this action, Defendants were "employers" within the meaning of 29 U.S.C. §203(d) and were not exempt from the overtime provisions of the FLSA.

18.     At all times relevant to this action, Defendants controlled the work of the Plaintiffs and exercised direct supervision over their work.  Defendants exercised responsibility and control over Plaintiffs compensation and terms of employment.

The Defendants also had the power to, and did, determine Plaintiffs' pay and method of pay.  Moreover, Plaintiffs performed jobs that were integral to Defendants' business.

19.    Defendants constitute an "enterprise" within the meaning of 29 U.S.C. 203(r)(1), because they operate an elementary or secondary school and perform related activities through common control for a common business purpose pursuant to 29 U.S.C. 203 (r)(2)(B).

20.    At all times relevant to this action, Defendant Johnny Vaughn was the Chief Executive Officer of Community of Hope, Inc. and was active in the interest of his employer toward Plaintiffs, exercised responsibility and control over Plaintiffs' compensation and terms of employment, and was a corporate officer with operational control of a corporations covered enterprise.  Therefore, Defendant Vaughn may be held liable in his individual capacity as an "employer" for Defendants' FLSA violations.

21.    Plaintiffs were "employees" of Defendants within the meaning of 29 U. S. C. § 203(e) within the three years preceding the filing hereof.

22.    At all times relevant to this action Defendants, Plaintiff Willie Henry was classified as exempt for FLSA purposes and paid a monthly salary of $1600.00 (one thousand six hundred dollars) per month.  Plaintiff Henry worked an average of 60 to 65 hours per week.  Plaintiff Henry was not paid overtime at

the rate of one and a half times his regular rate of pay for those hours in excess of 40 hours per week.

23.     At all times relevant to this action, Defendants classified Plaintiff Brian Powell as exempt for FLSA purposes and paid him a monthly salary of $1750.00 (one thousand seven hundred fifty dollars) each month.  Plaintiff Brian Powell worked an average of 70 hours per week.  Plaintiff Powell was not paid overtime at the rate of one and a half times his regular rate of pay for those hours in excess of 40 hours per week.

24.     At all times relevant to this action, Defendants classified Plaintiff Charline Wright as exempt for FLSA purposes and paid her a monthly salary of $1400.00 (one thousand four hundred dollars) each month.  Plaintiff Charline Wright worked an average of 70 hours per week. Plaintiff Wright was not paid overtime at the rate of one and a half times her regular rate of pay for those hours in excess of 40 hours per week.

25.     At all times relevant to this action, Defendants classified Plaintiff Ebb O'Neal Jr. as exempt for FLSA purposes and paid him a monthly salary of $1200.00 (one thousand two hundred dollars) each month.  Plaintiff Ebb O'Neal worked an average of 60 hours per week.  Plaintiff O'Neal was not paid overtime at the rate of one and a half times his regular rate of pay for those hours in excess of 40 hours per week.

26.     At all times relevant to this action, Defendants classified Plaintiff Author Lee Havard as exempt for FLSA purposes and paid him a monthly salary.  Mr. Havard was also sometimes paid an hourly salary of $7.25 per hour.  Plaintiff Havard worked an average of 70 hours per week. Plaintiff Harvard was not paid overtime at the rate of one and a half times his regular rate of pay for those hours in excess of 40 hours per week.

27.     At all times relevant to this action, Defendants classified Plaintiff Melvin Thomas as exempt for FLSA purposes and paid him a monthly salary.  Mr. Thomas was also sometimes paid an hourly salary of $9.00 per hour.  Plaintiff Thomas worked an average of 65 hours per week.  Plaintiff Thomas was not paid overtime at the rate of one and a half times his regular rate of pay for those hours in excess of 40 hours per week.

28.     At all times relevant to this action, Defendants classified Plaintiff Shaun Powell as exempt for FLSA purposes and paid her on an hourly basis at the rate of 7.25 per hour.  Plaintiff Shaun Powell worked approximately 60 hours per week. Plaintiff Shaun Powell was not paid overtime at the rate of one and a half times her regular rate of pay for those hours in excess of 40 hours per week.

29.     At all times relevant to this action, Defendants classified Plaintiff Carolyn Horn as exempt for FLSA purposes and paid her on an hourly basis at the rate of $7.25 per hour.  Plaintiff Horn was not paid overtime at the rate

of one and a half times her regular rate of pay for those hours in excess of 40 hours per week.

30.     Each Plaintiff was a non-exempt employee of Defendants within the meaning of the FLSA and was subject to the overtime provisions of the FLSA.

31.     While working for Defendants, Plaintiffs customarily and regularly performed work that was not directly related to the management or general business operations of Defendant.  In particular, Plaintiffs' primary duties were the supervision of residents and providing security at the school and their work involved little to no discretion, independent judgment, or managerial decision-making authority.

32.     Plaintiffs were closely supervised by their supervisors and were  required to follow specific guidelines, instructions, and policies in the performance  of their duties.  Indeed, many tasks were largely dictated by instruction and policy  lists provided to Plaintiffs by their supervisors.

33.     The FLSA, 29 U.S.C. §§ 201, *et seq.* requires an employer to pay its employees at the overtime rate of one and one half times the regular rate of pay for  the hours worked in excess of forty (40) hours per workweek.

34.     Defendant failed to pay Plaintiffs at the required overtime rate of pay  for the hours worked in excess of forty (40) hours per workweek.

35.     Accordingly, Defendants violated the overtime provisions of the  FLSA,

29 U.S.C. §§ 207, *et seq.*

36.     Defendant's failure to pay the required overtime rate was intentional, willful, malicious and in reckless disregard of Plaintiffs' rights under the FLSA.

37.     As a result of Defendant's violation of the overtime provisions of the FLSA, Plaintiffs suffered damages.

38.     Throughout their employment, Plaintiffs regularly worked hours in excess of 40 hours per workweek for which Defendant failed to compensate them at a rate of pay equal to one and one half times their regular rate.  Plaintiffs' supervisors were aware of the hours Plaintiffs worked for which they were not properly compensated.

39.     Plaintiffs were deprived of compensation to which they are entitled through Defendant's custom, policy, and/or practice of misclassifying Plaintiffs as exempt from the overtime provisions of the FLSA.

40.     As a result of this custom, policy, and/or practice, Defendant failed to credit and pay Plaintiffs properly for all overtime hours they worked – *i.e.*, all hours worked over 40 within each workweek – in violation of the FLSA.

41.     The Defendants have willfully and intentionally failed and/or refused to compensate Plaintiffs in accordance with the FLSA.

42.     Plaintiffs have retained the Employment Rights Law Firm of Danielle Obiorah, PC to represent them in this action and accordingly have incurred and will continue to incur attorneys' fees and costs, which are a proper portion of the relief sought in this action.

43.     Plaintiffs consent to participate in this action.  The Plaintiffs' consents have been attached hereto as Exhibits 1through 8 and are a part hereof for all purposes pursuant to Fed.R.Civ.P. 10(c).

44.     Upon information and belief, Defendant has not maintained accurate  records of all the hours that Plaintiffs have worked and have not complied with the requirements under 29 U.S.C. § 211(c).

### COUNT I: Failure to Pay Overtime Compensation In Violation of the Fair Labor Standard Act (Willie Mack Henry)

45.     Plaintiffs incorporate herein all the allegations contained in the preceding paragraphs.

46.     By engaging in the conduct described above, Defendants failed to pay Plaintiff Willie Mack Henry at a rate of pay not less than one and one half times his regular rate for all work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. §207.

47.     Specifically, Defendant failed to properly compensate Plaintiff Henry for all overtime hours worked through its custom, policy, and/or practice of misclassifying him as exempt from the overtime provision of the FLSA.

48.     None of the FLSA exemptions apply to Plaintiff Henry.

49.     The Defendant's actions in failing to compensate Plaintiff Henry in accordance with the FLSA were willful, within the meaning of 29 U.S. C. §255(a), and committed with a conscious disregard for the rights of Plaintiff

Henry.

50.     As a result of the Defendant's violation of FLSA, Plaintiff Henry is
entitled to damages equal to the mandated unpaid overtime premium pay for
two years preceding the filing of his Complaint.

51.     Plaintiff is also entitled to recover an award of liquidated damages in
an amount equal to double the amount of his unpaid overtime premium pay
for the three years preceding the filing of this complaint pursuant to the
FLSA, 29 U. S. C. §216(b).

52.     Pursuant to 29 U. S. C. §216(b), Plaintiff Henry is also entitled to
reimbursement of his costs, prejudgment interest and attorneys' fees
expended in successfully prosecuting this action for unpaid wages and
overtime wages.

## COUNT II: Failure to Pay Overtime Compensation In Violation of the Fair Labor Standard Act (Brian Powell)

53.     Plaintiffs incorporate herein all the allegations contained in the
preceding paragraphs.

54.     By engaging in the conduct described above, Defendants failed to pay
Plaintiff Brian Powell at a rate of pay not less than one and one half times his
regular rate for all work performed in excess of forty hours in a workweek, in
violation of 29 U.S.C. §207.

55.     Specifically, Defendant failed to properly compensate Plaintiff Powell

for all overtime hours worked through its custom, policy, and/or practice of misclassifying him as exempt from the overtime provision of the FLSA.

56.     None of the FLSA exemptions apply to Plaintiff Powell.

57.     Defendant's actions in failing to compensate Plaintiff Powell in accordance with the FLSA were willful, within the meaning of 29 U.S. C. §255(a), and committed with a conscious disregard for the rights of Plaintiff Powell.

58.     As a result of Defendant's violation of FLSA, Plaintiff Powell is entitled to damages equal to the mandated unpaid overtime premium pay for two years preceding the filing of his Complaint.

59.     Pursuant to 29 U.S. C. §216(b), Plaintiff Powell is also entitled to reimbursement of his costs, prejudgment interest and attorneys' fees expended in successfully prosecuting this action for unpaid wages and overtime wages.

## COUNT III: Failure to Pay Overtime Compensation In Violation of the Fair Labor Standard Act ( Shaun Powell)

60.     Plaintiffs incorporate herein all the allegations contained in the preceding paragraphs.

61.     By engaging in the conduct described above, Defendants failed to pay Plaintiff Shaun Powell at a rate of pay not less than one and one half times her regular rate for all work performed in excess of forty hours in a workweek, in

violation of 29 U.S.C. §207.

62.     Specifically, Defendant failed to properly compensate Plaintiff Powell

for all overtime hours worked through its custom, policy, and/or practice of

misclassifying her as exempt from the overtime provision of the FLSA.

63.     None of the FLSA exemptions apply to Plaintiff Powell.

64.     Defendant's actions in failing to compensate Plaintiff Powell in

accordance with the FLSA were willful, within the meaning of 29 U.S. C.

§255(a), and committed with a conscious disregard for the rights of Plaintiff

Powell.

65.     As a result of Defendant's violation of FLSA, Plaintiff Powell is

entitled to damages equal to the mandated unpaid overtime premium pay for

two years preceding the filing of his Complaint.

66.     Pursuant to 29 U.S. C. §216(b), Plaintiff Powell is also entitled to

reimbursement of her costs, prejudgment interest and attorneys' fees

expended in successfully prosecuting this action for unpaid wages and

overtime wages.

## COUNT IV: Failure to Pay Overtime Compensation In Violation of the Fair Labor Standard Act (Melvin Thomas)

67.     Plaintiffs incorporate herein all the allegations contained in the

preceding paragraphs.

68.     By engaging in the conduct described above, Defendants failed to pay

Plaintiff Melvin Thomas at a rate of pay not less than one and one half times his regular rate for all work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. §207.

69.     Specifically, Defendant failed to properly compensate Plaintiff Thomas for all overtime hours worked through its custom, policy, and/or practice of misclassifying him as exempt from the overtime provision of the FLSA.

70.     None of the FLSA exemptions apply to Plaintiff Thomas.

71.     Defendant's actions in failing to compensate Plaintiff Thomas in accordance with the FLSA were willful, within the meaning of 29 U. S. C. §255(a), and committed with a conscious disregard for the rights of Plaintiff Thomas.

72.     As a result of Defendant's violation of FLSA, Plaintiff Thomas is entitled to damages equal to the mandated unpaid overtime premium pay for two years preceding the filing of his Complaint.

73.     Plaintiff is also entitled to recover an award of liquidated damages in an amount equal to double the amount of his unpaid overtime premium pay for the three years preceding the filing of this complaint pursuant to the FLSA, 29 U. S. C. §216(b).

74.     Pursuant to 29 U. S. C. §216(b), Plaintiff Thomas is also entitled to reimbursement of his costs, prejudgment interest and attorneys' fees

expended in successfully prosecuting this action for unpaid wages and

overtime wages.

## COUNT V: Failure to Pay Overtime Compensation In Violation of the Fair Labor Standard Act (Ebb O'Neal, Jr.)

75.     Plaintiffs incorporate herein all the allegations contained in the

preceding paragraphs.

76.     By engaging in the conduct described above, Defendants failed to pay

Plaintiff Ebb O'Neal, Jr. at a rate of pay not less than one and one half times

his regular rate for all work performed in excess of forty hours in a

workweek, in violation of 29 U.S.C. §207.

77.     Specifically, Defendant failed to properly compensate Plaintiff O'Neal

for all overtime hours worked through its custom, policy, and/or practice of

misclassifying him as exempt from the overtime provision of the FLSA.

78.     None of the FLSA exemptions apply to Plaintiff O'Neal.

79.     Defendant's actions in failing to compensate Plaintiff O'Neal in

accordance with the FLSA were willful, within the meaning of 29 U.S. C.

§255(a), and committed with a conscious disregard for the rights of Plaintiff

O'Neal.

80.     As a result of Defendant's violation of FLSA, Plaintiff O'Neal is

entitled to damages equal to the mandated unpaid overtime premium pay for

two years preceding the filing of his Complaint.

81.     Plaintiff is also entitled to recover an award of liquidated damages in an amount equal to double the amount of his unpaid overtime premium pay for the three years preceding the filing of this complaint pursuant to the FLSA, 29 U.S. C. §216(b).

82.     Pursuant to 29 U.S. C. §216(b), Plaintiff O'Neal is also entitled to reimbursement of his costs, prejudgment interest and attorneys' fees expended in successfully prosecuting this action for unpaid wages and overtime wages.

## COUNT VI: Failure to Pay Overtime Compensation In Violation of the Fair Labor Standard Act (Author Lee Havard)

83.     Plaintiffs incorporate herein all the allegations contained in the preceding paragraphs.

84.     By engaging in the conduct described above, Defendants failed to pay Plaintiff Author Lee Havard at a rate of pay not less than one and one half times his regular rate for all work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. §207.

85.     Specifically, Defendant failed to properly compensate Plaintiff Havard for all overtime hours worked through its custom, policy, and/or practice of misclassifying him as exempt from the overtime provision of the FLSA.

86.     None of the FLSA exemptions apply to Plaintiff Havard.

87.     Defendant's actions in failing to compensate Plaintiff Havard in

accordance with the FLSA were willful, within the meaning of 29 U.S. C. §255(a), and committed with a conscious disregard for the rights of Plaintiff Henry.

88.     As a result of Defendant's violation of FLSA, Plaintiff Havard is entitled to damages equal to the mandated unpaid overtime premium pay for two years preceding the filing of his Complaint.

89.     Plaintiff is also entitled to recover an award of liquidated damages in an amount equal to double the amount of his unpaid overtime premium pay for the three years preceding the filing of this complaint pursuant to the FLSA, 29 U.S. C. §216(b).

90.     Pursuant to 29 U.S. C. §216(b), Plaintiff Havard is also entitled to reimbursement of his costs, prejudgment interest and attorneys' fees expended in successfully prosecuting this action for unpaid wages and overtime wages.

## COUNT VII: Failure to Pay Overtime Compensation In Violation of the Fair Labor Standard Act (Charline Wright)

91.     Plaintiffs incorporate herein all the allegations contained in the preceding paragraphs.

92.     By engaging in the conduct described above, Defendants failed to pay Plaintiff Charline Wright at a rate of pay not less than one and one half times her regular rate for all work performed in excess of forty hours in a

workweek, in violation of 29 U.S.C. §207.

93.     Specifically, Defendant failed to properly compensate Plaintiff Wright for all overtime hours worked through its custom, policy, and/or practice of misclassifying her as exempt from the overtime provision of the FLSA.

94.     None of the FLSA exemptions apply to Plaintiff Wright.

95.     Defendant's actions in failing to compensate Plaintiff Wright in accordance with the FLSA were willful, within the meaning of 29 U.S. C. §255(a), and committed with a conscious disregard for the rights of Plaintiff Wright.

96.     As a result of Defendant's violation of FLSA, Plaintiff Wright is entitled to damages equal to the mandated unpaid overtime premium pay for two years preceding the filing of her Complaint.

97.     Plaintiff is also entitled to recover an award of liquidated damages in an amount equal to double the amount of her unpaid overtime premium pay for the three years preceding the filing of this complaint pursuant to the FLSA, 29 U.S. C. §216(b).

98.     Pursuant to 29 U.S. C. §216(b), Plaintiff Wright is also entitle to reimbursement of her costs, prejudgment interest and attorneys' fees expended in successfully prosecuting this action for unpaid wages and overtime wages.

## COUNT VIII: Failure to Pay Overtime Compensation In Violation of the Fair Labor Standard Act (Carolyn Horne)

99.   Plaintiffs incorporate herein all the allegations contained in the preceding paragraphs.

100.   By engaging in the conduct described above, Defendants failed to pay Plaintiff Carolyn Horne at a rate of pay not less than one and one half times her regular rate for all work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. §207.

101.   Specifically, Defendant failed to properly compensate Plaintiff Horne for all overtime hours worked through its custom, policy, and/or practice of misclassifying him as exempt from the overtime provision of the FLSA.

102.   None of the FLSA exemptions apply to Plaintiff Horne.

103.   Defendant's actions in failing to compensate Plaintiff Horne in accordance with the FLSA were willful, within the meaning of 29 U.S. C. §255(a), and committed with a conscious disregard for the rights of Plaintiff Horne.

104.   As a result of Defendant's violation of FLSA, Plaintiff Horne is entitled to damages equal to the mandated unpaid overtime premium pay for two years preceding the filing of his Complaint.

105.   Plaintiff is also entitled to recover an award of liquidated damages in an amount equal to double the amount of her unpaid overtime premium pay

for the three years preceding the filing of this complaint pursuant to the FLSA, 29 U.S. C. §216(b).

106.   Pursuant to 29 U.S. C. §216(b), Plaintiff Horne is also entitled to reimbursement of her costs, prejudgment interest and attorneys' fees expended in successfully prosecuting this action for unpaid wages and overtime wages.

    **WHEREFORE,** Plaintiffs respectfully request the following relief:

A)   That Plaintiffs be awarded against Defendants the unpaid overtime compensation due under the FLSA at one and a half times their  applicable regular rates for all hours worked in excess of forty (40)  per week in an amount to be determined at trial;

B)   Issue an Order directing and requiring Defendants to pay Plaintiffs liquidated damages pursuant to the FLSA in an amount equal to, and in addition to, the amount of overtime wages owed to Plaintiffs

C)   Pre- and post-judgment interest;

D)   Reasonable counsel fees and costs; and

E)   Such further and appropriate relief as the Court may deem necessary.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs respectfully request a trial by jury on all issues deemed so triable.


Dated:  October 21, 2014 .

/s/Teri D. Fields_____
Teri D. Fields
Employment Rights Law Firm of Danielle Obiorah, PC
Georgia Bar No. 259677
P.O. Box 2341, McDonough, Georgia 30253
Tel: 404-994-6218
terifields@bellsouth.net