## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

| | | |
|---|---|---|
| **WILLIE MACK HENRY, BRIAN** | **:** | |
| **POWELL, SHAUN POWELL, MELVIN** | **:** | |
| **THOMAS, EBB O'NEAL, JR., AUTHOR:** | | |
| **LEE HAVARD, CHARLINE WRIGHT,** | **:** | |
| **and CAROLYN HORNE** | **:** | |
| | **:** | |
| **Plaintiffs,** | **:** | |
| | **:** | |
| **v.** | **:** | **CIVIL ACTION NO.** |
| | **:** | **3:14-CV-00118-DHB-BKE** |
| **COMMUNITY OF HOPE CENTER,** | **:** | |
| **INC., d/b/a WALTER WESLEY** | **:** | |
| **JOYNER ACADEMY and JOHNNY** | **:** | |
| **VAUGHN,** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |

## ANSWER AND DEFENSES OF DEFENDANTS

COME NOW Defendants Community of Hope Center, Inc. and Johnny Vaughn, and through their undersigned counsel, and hereby respond to Plaintiffs' Complaint as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails in whole or in part to state a claim upon which this Court may grant relief.

**SECOND DEFENSE**

Defendants did not willfully violate the FLSA because any acts or omissions giving rise to this action were reasonable and not undertaken with reckless disregard as to whether such actions or omissions violated the FLSA.

**THIRD DEFENSE**

To the extent that Plaintiffs' claims are barred by the applicable statute(s) of limitations, such statute is pled as a bar to his or their actions.

**FOURTH DEFENSE**

Defendants cannot be liable for liquidated damages because any acts or omissions giving rise to this action were undertaken in good faith and with reasonable grounds for believing that such actions were in compliance with the FLSA.

**FIFTH DEFENSE**

Defendants are not liable under the FLSA because any acts or omissions giving rise to this action were undertaken in good faith and in reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices of the Administrator of the Wage and Hour Division of the United States Department of Labor.

2

## SIXTH DEFENSE

To the extent one or more of the exemptions provided for in 29 U.S.C. § 213 apply to Plaintiffs' claims, the claims are barred, in whole or in part.

## SEVENTH DEFENSE

The claims set forth in the Complaint under the FLSA are barred, in whole or in part, by the doctrine of payment, because Plaintiffs were properly compensated for all hours worked in accordance with the FLSA.

## EIGHTH DEFENSE

Plaintiffs' claim are barred or reduced by their failure to exercise reasonable diligence to mitigate their alleged damages. Alternately, any claim for damages must be reduced by any pay, benefits or other compensation earned by Plaintiffs during the periods in question.

## NINTH DEFENSE

Plaintiffs are barred from recovery because some or all alleged time at issue is de minimis.

## TENTH DEFENSE

Plaintiffs are not entitled to compensation for some or all of the hours allegedly worked to the extent the activities at issue are excluded from compensability.

## ELEVENTH DEFENSE

As their Eleventh Defense, Defendants answer the numbered paragraphs of Plaintiffs' Complaint as follows:

### 1.

Defendants admit that Plaintiffs bring this action.  Defendants deny all other allegations.

### 2.

Defendants admit the allegations of numbered paragraph 2, but they Deny they have violated the overtime requirements of the FLSA, or that Plaintiffs are entitled to the recovery of overtime compensation, liquidated damages, attorney's fees or costs.

### 3.

Defendants admit the allegations of numbered paragraph 3.

### 4.

Defendants admit that venue is proper in the Southern District of Georgia. Defendants deny all other allegations of numbered paragraph 4.

### 5.

Defendants admit the allegations in numbered paragraph 5.

6.

Defendants admit the residents of Community of Hope Center, Inc. (hereinafter "Community of Hope") attend school at Walter Wesley Joyner Academy (hereinafter the "Academy"), and that the Community of Hope employees who are assigned to work at the Academy location supervise the children while they are at the Academy location.  Defendants deny all other allegations of numbered paragraph 6.

7.

Defendants admit the allegations in numbered paragraph 7.

8.

Defendants admit the remaining allegations of numbered paragraph 8.

9.

Defendants admit that Plaintiff Willie Henry was the Program Manager. Defendants deny the remaining allegations of numbered paragraph 9.

10.

Defendants admit that Plaintiff Brian Powell was the Personnel Director from approximately April 2013 through September 2013. Defendants deny the remaining allegations of numbered paragraph 10.

11.

Defendants deny the allegations of numbered paragraph 11.

12.

Defendants deny the remaining allegations of numbered paragraph 12.

13.

Defendants deny the remaining allegations of numbered paragraph 13.

14.

Defendants deny the remaining allegations of numbered paragraph 14.

15.

Defendants deny the remaining allegations of numbered paragraph 15.

16.

Defendants deny the allegations of numbered paragraph 16.

17.

Defendants deny the allegations of numbered paragraph 17.

18.

Defendants admit the allegations of numbered paragraph 18 as to Plaintiff Willie Henry.  As to the remaining Plaintiff, Defendants deny the first sentence of numbered paragraph 18 and admit the remaining portions of numbered paragraph 18.

19.

Defendants deny the allegations of numbered paragraph 19.

20.

In response to numbered paragraph 20, Defendants admit that Defendant Vaughn was CEO of Community of Hope, that he had ultimate control over compensation and terms of employment, and had operational control of Community of Hope.  Defendants deny the remaining allegations of numbered paragraph 20.

21.

Defendants deny the allegations of numbered paragraph 21.

22.

In response to numbered paragraph 22, Defendants admit that Plaintiff Willie Henry was paid a monthly salary of approximately $1,600.00 per month. Defendants deny the remaining allegations of numbered paragraph 22, and they deny that Plaintiff Willie Henry worked in excess of 40 hours per week.

23.

In response to numbered paragraph 23, Defendants admit that Plaintiff Brian Powell was paid a monthly salary of approximately $1,750.00 per month.

Defendants deny the remaining allegations of numbered paragraph 23, and they deny that Plaintiff Brian Powell worked in excess of 40 hours per week.

24.

In response to numbered paragraph 24, Defendants admit that Plaintiff Charline Wright was paid a monthly salary of approximately $1,400.00 per month. Defendants deny the remaining allegations of numbered paragraph 24, and they deny that Plaintiff Charline Wright worked in excess of 40 hours per week.

25.

In response to numbered paragraph 25, Defendants admit that Plaintiff Ebb O'Neal, Jr. was paid a monthly salary of approximately $1,200.00 per month. Defendants deny the remaining allegations of numbered paragraph 25, and they deny that Plaintiff Ebb O'Neal worked in excess of 40 hours per week.

26.

In response to numbered paragraph 26, Defendants admit that Plaintiff Author Lee Havard was paid at the rate of $7.25 per hour. Defendants deny the remaining allegations of numbered paragraph 26, and they deny that Plaintiff Author Lee Havard worked in excess of 40 hours per week.

27.

In response to numbered paragraph 27, Defendants admit that Plaintiff Melvin Thomas was paid at the rate of $7.25 per hour. Defendants deny the remaining allegations of numbered paragraph 27, and they deny that Plaintiff Melvin Thomas worked in excess of 40 hours per week.

28.

In response to numbered paragraph 28, Defendants admit that Plaintiff Shaun Powell was paid at the rate of $7.25 per hour. Defendants deny the remaining allegations of numbered paragraph 28, and they deny that Plaintiff Shaun Powell worked in excess of 40 hours per week.

29.

In response to numbered paragraph 29, Defendants admit that Plaintiff Carolyn Horn was paid at the rate of $7.25 per hour. Defendants deny the remaining allegations of numbered paragraph 29, and they deny that Plaintiff Carolyn Horn worked in excess of 40 hours per week.

30.

Defendants deny the allegations of numbered paragraph 30.

31.

Defendants deny the allegations of numbered paragraph 31 to the extent the allegations apply to Plaintiffs Willie Henry and Brian Powell.  As to the remaining Plaintiffs, Defendants admit that Plaintiffs' work included the supervision of residents and that the remaining Plaintiffs did not have managerial decision-making authority, and Defendants deny the remaining allegations.

32.

In response to numbered paragraph 32, Defendants admit that Plaintiffs Willie Henry and Brian Powell had supervisory authority over other employees of Community of Hope, and that such supervision included the requirement that employees follow specific guidelines, instructions and policies.  Defendants deny the remaining allegations of numbered paragraph 32.

33.

Numbered paragraph 33 is not an allegation of fact to which a response is required.

34.

Defendants deny the allegations of numbered paragraph 34.

35.

Defendants deny the allegations of numbered paragraph 35.

36.

Defendants deny the allegations of numbered paragraph 36.

37.

Defendants deny the allegations of numbered paragraph 37.

38.

Defendants deny the allegations of numbered paragraph 38.

39.

Defendants deny the allegations of numbered paragraph 39.

40.

Defendants deny the allegations of numbered paragraph 40.

41.

Defendants deny the allegations of numbered paragraph 41.

42.

Defendants admit that Plaintiffs have retained the Employment Rights Law

Firm of Danielle Obiorah, PC and that the FLSA provides for the recover of

attorneys' fees and costs.  Defendants deny all other allegations of numbered

paragraph 42.

43.

Defendants admit the allegations of numbered paragraph 43.

44.

Defendants deny the allegations of numbered paragraph 44.

## COUNT I (Willie Mack Henry)

45.

In response to numbered paragraph 45, Defendants incorporate their previously asserted responses to the paragraphs referenced therein.

46.

Defendants deny the allegations of numbered paragraph 46.

47.

Defendants deny the allegations of numbered paragraph 47.

48.

Defendants deny the allegations of numbered paragraph 48.

49.

Defendants deny the allegations of numbered paragraph 49.

50.

Defendants deny the allegations of numbered paragraph 50.

51.

Defendants deny the allegations of numbered paragraph 51.

52.

Defendants deny the allegations of numbered paragraph 52.

## COUNT II (Brian Powell)

53.

In response to numbered paragraph 53, Defendants incorporate their previously asserted responses to the paragraphs referenced therein.

54.

Defendants deny the allegations of numbered paragraph 54.

55.

Defendants deny the allegations of numbered paragraph 55.

56.

Defendants deny the allegations of numbered paragraph 56.

57.

Defendants deny the allegations of numbered paragraph 57.

58.

Defendants deny the allegations of numbered paragraph 58.

59.

Defendants deny the allegations of numbered paragraph 59.

## COUNT III (Shaun Powell)

60.

In response to numbered paragraph 60, Defendants incorporate their previously asserted responses to the paragraphs referenced therein.

61.

Defendants deny the allegations of numbered paragraph 61.

62.

Defendants deny the allegations of numbered paragraph 62.

63.

Defendants deny the allegations of numbered paragraph 63.

64.

Defendants deny the allegations of numbered paragraph 64.

65.

Defendants deny the allegations of numbered paragraph 65.

66.

Defendants deny the allegations of numbered paragraph 66.

## COUNT IV (Melvin Thomas)

67.

In response to numbered paragraph 67, Defendants incorporate their previously asserted responses to the paragraphs referenced therein.

68.

Defendants deny the allegations of numbered paragraph 68.

69.

Defendants deny the allegations of numbered paragraph 69.

70.

Defendants deny the allegations of numbered paragraph 70.

71.

Defendants deny the allegations of numbered paragraph 71.

72.

Defendants deny the allegations of numbered paragraph 72.

73.

Defendants deny the allegations of numbered paragraph 73.

74.

Defendants deny the allegations of numbered paragraph 74.

## COUNT V (Ebb O'Neal, Jr.)

75.

In response to numbered paragraph 75, Defendants incorporate their previously asserted responses to the paragraphs referenced therein.

76.

Defendants deny the allegations of numbered paragraph 76.

77.

Defendants deny the allegations of numbered paragraph 77.

78.

Defendants deny the allegations of numbered paragraph 78.

79.

Defendants deny the allegations of numbered paragraph 79.

80.

Defendants deny the allegations of numbered paragraph 80.

81.

Defendants deny the allegations of numbered paragraph 81.

82.

Defendants deny the allegations of numbered paragraph 82.

## COUNT VI (Author Lee Havard)

83.

In response to numbered paragraph 83, Defendants incorporate their previously asserted responses to the paragraphs referenced therein.

84.

Defendants deny the allegations of numbered paragraph 84.

85.

Defendants deny the allegations of numbered paragraph 85.

86.

Defendants deny the allegations of numbered paragraph 86.

87.

Defendants deny the allegations of numbered paragraph 87.

88.

Defendants deny the allegations of numbered paragraph 88.

89.

Defendants deny the allegations of numbered paragraph 89.

90.

Defendants deny the allegations of numbered paragraph 90.

## COUNT VII (Charline Wright)

91.

In response to numbered paragraph 91, Defendants incorporate their previously asserted responses to the paragraphs referenced therein.

92.

Defendants deny the allegations of numbered paragraph 92.

93.

Defendants deny the allegations of numbered paragraph 93.

94.

Defendants deny the allegations of numbered paragraph 94.

95.

Defendants deny the allegations of numbered paragraph 95.

96.

Defendants deny the allegations of numbered paragraph 96.

98.

Defendants deny the allegations of numbered paragraph 98.

## COUNT VIII (Carolyn Horne)

99.

In response to numbered paragraph 99, Defendants incorporate their previously asserted responses to the paragraphs referenced therein.

100.

Defendants deny the allegations of numbered paragraph 100.

101.

Defendants deny the allegations of numbered paragraph 101.

102.

Defendants deny the allegations of numbered paragraph 102.

103.

Defendants deny the allegations of numbered paragraph 103.

104.

Defendants deny the allegations of numbered paragraph 104.

105.

Defendants deny the allegations of numbered paragraph 105.

106.

Defendants deny the allegations of numbered paragraph 106.

107.

To the extent not already specifically addressed above, Defendants deny each and every allegation not expressly admitted herein.

108.

Defendants deny that Plaintiffs are entitled to any form of relief, including but not limited to those set forth in Plaintiffs' unnumbered "WHEREFORE" paragraph. Defendants further deny any violations or wrongdoing of any kind and, therefore, deny that Plaintiffs are entitled to any relief, at equity or at law.

WHEREFORE, Defendants respectfully request that, at the conclusion of this action, the Court grant each of them the following relief:

1.    Dismiss Plaintiffs' claims in their entirety and with prejudice;

2.    Deny each and every prayer for relief identified in Plaintiffs' Complaint; and

3.    Award against each Plaintiff, Defendants' reasonable attorneys' fees, expenses and costs associated with defending this action, along with such other and further legal and equitable relief as the Court may deem proper.

**Defendants demand a trial by jury as to all issues so triable.**

Respectfully submitted this 4 December 2014.

/s/ C. Brian Jarrard
C. Brian Jarrard
Ga. Bar No. 389497
C. Brian Jarrard, LLC
230 Third Street
Macon, Georgia 31201
(478) 745-0111 telephone
(478) 745-0020 facsimile
ATTORNEY FOR DEFENDANTS

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on 4 December 2014, I electronically filed the foregoing with the Office of the Clerk, using the CM/ECF system. Notification of this filing will be served electronically by the Clerk on all counsel of record.

<u>/s/ C. Brian Jarrard</u>
C. Brian Jarrard
Ga. Bar No. 389497
C. Brian Jarrard, LLC
230 Third Street
Macon, Georgia 31201
(478) 745-0111 telephone
(478) 745-0020 facsimile
ATTORNEY FOR DEFENDANTS