ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2016 JAN -6 AM 9:45

CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| WILLIE MACK HENRY, BRIAN POWELL, SHAUN POWELL, MELVIN THOMAS, EBB O'NEAL, JR., AUTHOR LEE HAVARD, CHARLINE WRIGHT, and CAROLYN HORNE, <br><br> Plaintiffs, <br><br> -vs- <br><br> COMMUNITY OF HOPE CENTER, INC. d/b/a WALTER WESLEY JOYNER ACADEMY and JOHNNY VAUGHN, <br><br> Defendants. | ORDER DIRECTING CHARGE CONFERENCE <br><br> CV 314-118 |

**IT IS ORDERED** that counsel for the parties are directed to confer and submit to the Court a joint and consolidated request for jury instructions as to the issues of <u>substantive</u> law to be raised at the trial.

As an aid to counsel, the Court has considered the case preliminarily and forwards herewith portions of its expected jury instructions as to the usual, uncontroverted matters, which are normally encountered in a case of this type. In submitting proposed or requested instructions, it is not necessary to duplicate or request the Court's standard instructions which are included herewith. Those instructions will be included in every case. Confine your requested instructions to the substantive and damages

portion of the charge that differ from, modify or add to any substantive and damages charges included herewith.

Counsel shall make every effort to agree upon the substantive charge and shall comply with the instructions. The language of the consolidated charge request shall be an impartial, concise, clear, and uncomplicated statement of the law. Separate submissions may be submitted in those areas wherein counsel cannot, in good faith, agree. Counsel shall submit, however, precise legal precedent supporting objections to an opponent's proposed jury charge.

The captioned case will be called for pretrial conference at a date later to be set. The consolidated request shall be completed and shall be filed in the office of the Clerk ten (10) days prior to the scheduled trial date. The joint request shall be signed by counsel for each party.

**ORDER ENTERED** at Augusta, Georgia, this ___6th___ day of January, 2016.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIE MACK HENRY, BRIAN POWELL, SHAUN POWELL, MELVIN THOMAS, EBB O'NEAL, JR., AUTHOR LEE HAVARD, CHARLINE WRIGHT, and CAROLYN HORNE, | * * * * * * | |
| Plaintiffs, | * * | **ORDER DIRECTING CHARGE CONFERENCE** |
| -vs- | * * | CV 314-118 |
| COMMUNITY OF HOPE CENTER, INC. d/b/a WALTER WESLEY JOYNER ACADEMY and JOHNNY VAUGHN, | * * * * * | |
| Defendants. | * | |

## JURY INSTRUCTIONS

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

## Consideration Of The Evidence
## Duty To Follow Instructions
## Corporate Party Involved

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

## Credibility Of Witnesses

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence? Basically, the criteria used to determine credibility in the jury room are the same used in your everyday lives.

## Impeachment Of Witnesses
## Inconsistent Statement

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## Expert Witnesses

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

## Burden Of Proof

## (When There are Multiple Claims)

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, you should consider each claim separately; but in deciding whether any fact has been proven by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making that claim or contention.

# DIRECTIONS TO COUNSEL CONCERNING PREPARATION OF PROPOSED INSTRUCTIONS

PREPARE FOR INSERTION HERE YOUR PROPOSED INSTRUCTIONS CONCERNING THE CLAIMS AND DEFENSES, SPECIAL ISSUES AND DAMAGES IN THE FOLLOWING FORMAT AND SEQUENCE, IF SUCH INSTRUCTIONS ARE NOT ALREADY INCLUDED HEREIN:

(a) Description of the Plaintiffs' claim(s), followed by

   (1) Enumeration of the essential elements of the claim(s).

   (2) Definition of key terms used in enumerating the elements of the claim(s); and other special instructions, if any, necessary to further explain or qualify the claim(s).

(b) Description of the Defendants' defense(s) and counterclaim(s), if any, followed by

   (1) Enumeration of the essential elements of the defense(s) and counterclaim(s), if any.

   (2) Definition of key terms used in enumerating the essential elements of the defense(s) and counterclaims; and other special instructions, if any, necessary to further explain or qualify the defense(s) and/or the counterclaim(s).

(c) Enumeration of Plaintiffs' recoverable elements of damage and explanation, as appropriate, of each element.

**Note:** **In submitting your proposed or requested instructions it is not necessary to duplicate or request the Court's standard instructions which precede and follow this page. Those instructions will be given in every case. Confine your package of requested instructions to those prepared in accordance with the directions given on this page.**

# Fair Labor Standards Act

## 29 U.S.C. § 201 *et seq.*

This case arises under the Fair Labor Standards Act, the federal law that provides for the payment of time-and-a-half overtime pay. The Plaintiffs claim that the Defendants did not pay the Plaintiffs the overtime pay required by law.

In order to prevail on this claim, each Plaintiff must prove each of the following facts by a preponderance of the evidence:

<u>First</u>: That the Plaintiff was employed by the Defendants during the time period involved;

<u>Second</u>: That the Plaintiff's work affected interstate commerce; and

<u>Third</u>: That the Defendants failed to pay the Plaintiff the overtime pay required by law.

The parties have stipulated or agreed to the first and second facts - - that the Plaintiffs were/are employed by the Defendants and that the work affects interstate commerce - - and you should consider them as established.

The Fair Labor Standards Act requires an employer to pay its employees at a rate of at least one and one-half times their regular rate for time worked in any one work week over 40 hours. This is commonly known as time-and-a-half pay for "overtime" work.

The employee's "regular rate" during a particular week is the basis for calculating any overtime pay due to the employee for that week. The "regular rate" for a week is determined by dividing the first 40 hours worked into the total wages paid for those 40 hours. The overtime rate, then, would be one and one-half of that rate and would be owing for each hour in excess of 40 hours worked during the work week.

8

The Defendants claim that even if you should find that a Plaintiff has proved all the necessary facts that must be proved to establish this claim, the overtime pay law does not apply because of an exemption from these requirements. The particular exemption claimed by the Defendants is [insert applicable exemption].

In order to receive the benefit of the exemption, the Defendants have the burden of proving by a preponderance of the evidence [list or describe essential elements of the claimed exemption].

If upon consideration of all the evidence you find that a Plaintiff has failed to prove his or her claim, your verdict should be for the Defendants on that Plaintiff's claim.

If, however, you find that a Plaintiff has proven his or her claim, then you must turn to the question of damages which that Plaintiff is entitled to recover. The measure of damages is the difference between what the Plaintiff should have been paid under the Act and the amount that you find the Plaintiff actually was paid.

A Plaintiff is entitled to recover lost wages from the present time back to no more than two years before this lawsuit was filed on October 21, 2014, unless you find the employer either knew, or showed reckless disregard for the mater fo whether its conduct was prohibited by the Fair Labor Standards Act. If you find the employer knew, or showed reckless disregard for the matter of whether its conduct was prohibited by the Fair Labor Standards Act, the Plaintiff is entitled to recover lost wages from the present time back to no more than three years before his lawsuit was filed.

## Duty To Deliberate

## (When Only The Plaintiff Claims Damages)

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## Election Of Foreperson

## Explanation Of Verdict Form(s)

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.