```
                                                        FILED
                                                  U.S. DISTRICT COURT
                                                     AUGUSTA DIV.
      IN THE UNITED STATES DISTRICT COURT FOR THE
           SOUTHERN DISTRICT OF GEORGIA            2016 DEC 27 AM 10:16
                  DUBLIN DIVISION
                                                  CLERK_____
                                                   SO. DIST. OF GA.
```

WILLIE MACK HENRY, et al.,      *
                                *
     Plaintiffs,                *
                                *
v.                              *    CV 314-118
                                *
COMMUNITY OF HOPE CENTER, INC., *
d/b/a WALTER WESLEY JOYNER      *
ACADEMY and JOHNNY VAUGHN,      *
                                *
     Defendants.                *

O R D E R

On May 23, 2016, this Court stayed all deadlines in the case to give the parties an opportunity to engage in a magistrate-supervised settlement conference. Unfortunately, the settlement conference has not taken place because defense counsel were permitted to withdraw from their representation of Defendants on September 6, 2016. Since that time, Defendant Community of Hope Center, Inc., has remained unrepresented.

By its Orders of September 6 and November 9, 2016, the Court forewarned Defendant Community of Hope Center, Inc., that its failure to retain counsel would result in sanctions. Indeed, on November 9, 2016, Defendant Community of Hope Center, Inc., was given fourteen days to either retain counsel or show cause why the Court should not strike its answer and

enter default against it. To date, Defendant Community of Hope Center, Inc. has failed to respond in any manner.

Under Federal Rule of Civil Procedure 16(f), the Court may issue "any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)," if a party "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Such Rule 37 sanctions include, *inter alia*, the Court "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(iii) & (vi).

Because Defendant Community of Hope Center, Inc., has received ample notice of its obligations and the consequences of its inaction, its noncompliance exemplifies the willful disregard that warrants the sanction of the striking of its answer and the entry of default against it. See United States v. Certain Real Prop. Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1317 (11th Cir. 1997) (stating that a court should not order a default judgment unless the noncompliance is "due to willful or bad faith disregard for [previous] orders." (quoting Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir. 1986))).

Upon the foregoing, the Clerk is **DIRECTED** to **STRIKE** the answer (doc. no. 6) as to Defendant Community of Hope Center, Inc., and **ENTER DEFAULT** against it. Plaintiffs are **DIRECTED**

2

to move for default judgment against Defendant Community of Hope Center, Inc., within thirty (30) days of the Clerk's entry of default. Within their motion, Plaintiffs shall specifically identify the bases in the pleadings that support the grant of default judgment. See <u>Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975) ("[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered.") Plaintiffs shall also include all supporting documentation and affidavits establishing the amount of their damages. See <u>Wells Fargo Bank, Nat'l Ass'n v. Columbia Hardwoods & Floors, Inc.</u>, No. CV 112-004, 2013 WL 85243, at *3 (S.D. Ga. Jan. 7, 2013) ("Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a sum certain, the law requires the district court to hold an evidentiary hearing to fix the amount of damages. However, no hearing is needed when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." (citing <u>S.E.C. v. Smyth</u>, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005))). Plaintiffs shall also notify the Court as to their intentions with respect to their claims against Defendant Johnny Vaughn.

The Clerk shall send a service copy of this Order to the following address:

    Community of Hope Center, Inc.
    c/o Mr. Johnny Vaughn
    Post Office Box 1072
    Dublin, Georgia 31040

**ORDER ENTERED** at Augusta, Georgia, this 27th day of December, 2016.

_____
UNITED STATES DISTRICT JUDGE