IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

WILLIE MACK HENRY, BRIAN POWELL, *
SHAUN POWELL, MELVIN THOMAS, EBB *
O'NEAL, JR., AUTHOR LEE HAVARD, *
CHARLINE WRIGHT, and CAROLYN *
HORNE, *
 *
Plaintiffs, *
 *
v. * CV 314-118
 *
COMMUNITY OF HOPE CENTER, INC., *
d/b/a WALTER WESLEY JOYNER *
ACADEMY and JOHNNY VAUGHN, *
 *
Defendants. *

O R D E R

On October 21, 2014, Plaintiffs filed this action against Defendants Community of Hope Center, Inc. d/b/a Walter Wesley Joyner Academy (the "Academy") and its Chief Executive Officer, Johnny Vaughn, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Plaintiffs seek unpaid overtime wages.

Both Defendants, through counsel, filed an answer on December 4, 2014. (Doc. No. 6.) After an extended discovery period, the case was stayed to allow the parties the opportunity to pursue settlement.[1] (Orders of Mar. 15 & May

---

[1] The Court had been readying the case for trial at the time.

23, 2016, Doc. Nos. 31 & 34.) However, on September 1, 2016, counsel for Defendants sought to withdraw from the case, which was permitted pursuant to this Court's Order of September 6, 2016. (Doc. No. 36.) Despite this Court's admonition, the Academy failed to obtain counsel. Ultimately, this Court directed the Clerk of Court to strike the Academy's answer to the complaint and to enter default against it. (See Order of Dec. 27, 2016, Doc. No. 38.) Presently, Plaintiffs have filed a motion for default judgment against the Academy.[2]

I. BACKGROUND

This recitation of facts is drawn from the allegations in the Complaint, which are deemed admitted as a result of the Academy's default. See Nishimatsu Const. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)[3] ("[D]efendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . .").

The Academy provides residential and educational services to youth placed by the Georgia Department of Family and

---

[2] Plaintiffs have not submitted any evidence or argument concerning the damages of Plaintiff Carolyn Horne. Accordingly, this Court will not consider the motion for default judgment with respect to Plaintiff Horne.

[3] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (holding Fifth Circuit decisions made on or before September 30, 1981, are binding precedent in the Eleventh Circuit).

2

Children Services. At all relevant times, each of the Plaintiffs were employed by the Academy as "house parents." The Academy classified Plaintiffs as exempt for FLSA purposes such that they were not paid overtime at the rate of one and half times their regular rate of pay for hours worked in excess of 40 hours per week. Despite the classification, Plaintiffs were not exempt employees and were subject to the overtime provisions of the FLSA. Plaintiffs customarily and regularly performed work that was not directly related to the management or general business operations of the Academy. In particular, Plaintiffs' primary duties were the supervision of residents and the provision of security at the school. Plaintiffs' work involved little to no discretion, independent judgment, or managerial decision-making authority. Plaintiffs were closely supervised by their supervisors, and their tasks were largely dictated by instruction and policy lists provided to Plaintiffs by their supervisors.

Plaintiffs routinely worked in excess of 60 hours a week and were not paid for the overtime work. Plaintiffs allege that the Academy's violation of the overtime provision of the FLSA was "willful" within the meaning of the FLSA.[4]

---

[4] The allegation of willfulness is important for two reasons. First, the statute of limitations for an FLSA overtime compensation claim is two years unless the employer's violation was willful, in which case the FLSA allows a three-year limitations period. See 29 U.S.C. § 255(a). Here, Plaintiffs Willie Mack Henry, Melvin Thomas, Author Lee

3

Through their motion for default judgment, Plaintiffs seek reimbursement for the overtime hours and the award of liquidated damages as well as attorney's fees and costs under 29 U.S.C. § 216(b).

"[D]efendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for a judgment entered . . . . The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." Nishimatsu Constr. Co., 515 F.2d at 1206. "[T]hree distinct matters [are] essential in considering any default judgment: (1) jurisdiction; (2) liability; and (3) damages." Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004).

## II. JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1337(a) because Plaintiffs' cause of action arises under the FLSA. Moreover, Plaintiffs sufficiently plead personal jurisdiction over the Academy as it is a corporation

---

Havard, Ebb O'Neal, Jr., and Charline Wright have availed themselves of the three-year statute of limitations. Second, a district court has no discretion to reduce or deny an award of liquidated damages under 29 U.S.C. § 216(b) if the FLSA violation was willful. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1282-83 (11th Cir. 2008).

4

incorporated under the laws of the state of Georgia with its principal place of business located in Georgia.

### III. LIABILITY

Plaintiffs' complaint sufficiently states a cause of action under the FLSA. Under § 207 of the FLSA, "an employer may not employ his employee for a workweek longer than forty hours unless his employee receives overtime compensation at a rate not less than one and a half times his regular rate." Allen v. Bd. of Pub. Educ. for Bibb Cnty., 495 F.3d 1306, 1314 (11th Cir. 2007) (citing 29 U.S.C. § 207(a)(1)). To state a claim for unpaid overtime wages, Plaintiffs must allege (i) that they are covered by FLSA; (ii) that the Academy employed them; (iii) that they worked in excess of 40 hours per week; and (iv) that the Academy did not pay them overtime wages. Fresh v. Diamond Dev. & Invs., Inc., 2016 WL 2745836, at *5 (N.D. Ga. May 11, 2016). By failing to answer the allegations of the complaint, the Academy has admitted to these essential facts. The Academy has also admitted that its failure to pay overtime was willful.[4] Because the Academy has failed to

---

[4] "Where a default judgment is entered against a defendant under the FLSA, allegations that the violations were willful are deemed admitted." Pineda v. Masonry Constr., Inc., 831 F. Supp. 2d 666, 674-75 (S.D.N.Y. 2011); see also Miller v. Paradise of Port Richey, Inc., 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999).

5

provide overtime compensation to Plaintiffs, it has violated the FLSA and is liable therefor.

### IV. DAMAGES

A default judgment as to liability is not final until the amount of damages is determined. "[T]he Court determines the amount and character of damages to be awarded" by virtue of a default. Miller, 75 F. Supp. 2d at 1346. The plaintiffs have the burden of proving the amount of damages to be awarded. "It is the employer's duty to keep records of the employee's wages, hours, and other conditions and practices of employment," and it is the employer "who is in a superior position to know and produce the most probative facts concerning the nature and amount of work performed." Allen v. Bd. of Pub. Educ. for Bibb Cnty., 495 F.3d 1306, 1314 (11th Cir. 2007). "For that reason, in situations where the employer has failed to keep records or the records cannot be trusted, the employee satisfies [his] burden of proving that [he] performed work without compensation if [he] produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Jackson v. Corr. Corp. of Am., 606 F. App'x 945, 952 (11th Cir. 2015) (citation omitted); see also Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1315 (11th Cir. 2013) (noting

that if the employer failed to keep time records, the burden on the employee to show that she worked overtime without compensation is "relaxed").

In this case, the Court does not have the benefit of the Academy's records. Rather, each Plaintiff has submitted a detailed sworn affidavit setting forth the number of hours worked during specific time periods and the respective rates of pay for those time periods. The Court has reviewed each Plaintiff's calculation of damages, and but for a few detected discrepancies or minor errors, the Court finds the affidavits to be sufficient evidence to show the amount and extent of work for which each Plaintiff was not properly compensated. Based upon the affidavits, the Court makes the following findings with respect to damages for each Plaintiff.

### A. Plaintiff Willie Mack Henry

| Time Period Worked | (a) Number of Weeks Worked | (b) Number of Overtime Hours Worked (per week) | Regular Rate of Pay | (c) Overtime Rate of Pay (Regular Rate x 1.5) | Amount of Overtime Wages Due (a x b x c) |
|---|---|---|---|---|---|
| 10/21/11 - 02/14/12 | 16 | 20 | $9.375 | $14.06 | $4499.20 |
| 02/15/12 - 03/14/12 | 4 | 20 | $8.78 | $13.17 | $1053.60 |
| 03/15/12 - 05/14/12 | 8 | 20 | $9.375 | $14.06 | $2249.60 |
| 05/15/12 - 06/14/12 | 4 | 20 | $8.84 | $13.26 | $1060.80 |
| 06/15/12 - 01/14/13 | 30 | 20 | $9.375 | $14.06 | $8436.00 |
| 02/02/13 - 03/01/13 | 3 | 20 | $9.01 | $13.52 | $811.20 |
| 03/02/13 - 05/01/13 | 8 | 20 | $9.375 | $14.06 | $2249.60 |
| 05/02/13 - 06/01/13 | 4 | 20 | $8.63 | $12.95 | $1036.00 |
| SUBTOTAL | | | | | $21,396.00 |
| LIQUIDATED DAMAGES[5] | | | | | $21,396.00 |
| **TOTAL** | | | | | **$42,792.00** |

---

[5] In addition to compensatory damages, the FLSA provides for liquidated damages in an amount equal to the compensatory damages awarded. See 29 U.S.C. § 216(b).

8

### B. Plaintiff Brian Powell

| Time Period Worked | (a) Number of Weeks Worked | (b) Number of Overtime Hours Worked (per week) | Regular Rate of Pay | (c) Overtime Rate of Pay (Regular Rate x 1.5) | Amount of Overtime Wages Due (a x b x c) |
|---|---|---|---|---|---|
| 04/04/13 - 10/01/13 | 25 | 30 | $10.94 | $16.41 | $12,307.50 |
| SUBTOTAL | | | | | $12,307.50 |
| LIQUIDATED DAMAGES | | | | | $12,307.50 |
| TOTAL | | | | | $24,615.00 |

### C. Plaintiff Shaun Powell

| Time Period Worked | (a) Number of Weeks Worked | (b) Number of Overtime Hours Worked (per week) | Regular Rate of Pay | (c) Overtime Rate of Pay (Regular Rate x 1.5) | Amount of Overtime Wages Due (a x b x c) |
|---|---|---|---|---|---|
| 07/02/13 - 08/01/13 | 4 | 17.5 | $7.25 | $10.88 | $761.60 |
| SUBTOTAL | | | | | $761.60 |
| LIQUIDATED DAMAGES | | | | | $761.60 |
| TOTAL | | | | | $1523.20 |

D. **Plaintiff Melvin Thomas**

| Time Period Worked | (a) Number of Weeks Worked | (b) Number of Overtime Hours Worked (per week) | Regular Rate of Pay | (c) Overtime Rate of Pay (Regular Rate x 1.5) | Amount of Overtime Wages Due (a x b x c) |
|---|---|---|---|---|---|
| 03/15/12 - 04/14/12 | 4 | 20 | $7.50 | $11.25 | $900.00 |
| 04/15/12 - 07/01/13 | 63 | 20 | $7.25 | $10.88 | $13,708.80 |
| 07/02/13 - 09/01/13 | 8 | 20 | $7.50 | $11.25 | $1800.00 |
| 09/02/13 - 09/27/13 | 3 | 20 | $7.25 | $10.88 | $652.80 |
| SUBTOTAL | | | | | $17,061.60 |
| LIQUIDATED DAMAGES | | | | | $17,061.60 |
| TOTAL | | | | | $34,123.20 |

E. **Plaintiff Author Lee Havard**

| Time Period Worked | (a) Number of Weeks Worked | (b) Number of Overtime Hours Worked (per week) | Regular Rate of Pay | (c) Overtime Rate of Pay (Regular Rate x 1.5) | Amount of Overtime Wages Due (a x b x c) |
|---|---|---|---|---|---|
| 10/21/11 - 03/01/13 | 71 | 20 | $7.25 | $3.63[6] | $5154.60 |
| SUBTOTAL | | | | | $5154.60 |
| LIQUIDATED DAMAGES | | | | | $5154.60 |
| TOTAL | | | | | $10,309.20 |

---

[6] Plaintiff Havard was paid at the regular rate of pay for his overtime hours at $7.25; accordingly, he is only entitled to the difference between the regular rate and the overtime rate ($10.88 - $7.25 = $3.63) for the overtime hours worked.

### F. Plaintiff Ebb O'Neal, Jr.

| Time Period Worked | (a) Number of Weeks Worked | (b) Number of Overtime Hours Worked (per week) | Regular Rate of Pay | (c) Overtime Rate of Pay (Regular Rate x 1.5) | Amount of Overtime Wages Due (a x b x c) |
|---|---|---|---|---|---|
| 09/16/12 - 06/27/13 | 40 | 20 | $7.50 | $11.25 | $9000.00 |
| SUBTOTAL | | | | | $9000.00 |
| LIQUIDATED DAMAGES | | | | | $9000.00 |
| TOTAL | | | | | $18,000.00 |

### G. Plaintiff Charline Wright

| Time Period Worked | (a) Number of Weeks Worked | (b) Number of Overtime Hours Worked (per week) | Regular Rate of Pay | (c) Overtime Rate of Pay (Regular Rate x 1.5) | Amount of Overtime Wages Due (a x b x c) |
|---|---|---|---|---|---|
| 02/15/12 - 06/14/12 | 17 | 20 | $7.25 | $10.88 | $3699.20 |
| 06/15/12 - 08/14/12 | 8 | 20 | $7.50 | $11.25 | $1800.00 |
| 08/15/12 - 07/31/13 | 50 | 20 | $8.75 | $13.13 | $13,130.00 |
| 08/01/13 - 09/01/13 | 4 | 30 | $8.75 | $13.13 | $1575.60 |
| 09/02/13 - 02/28/14 | 21 | 30 | $7.25 | $10.88 | $6854.40 |
| SUBTOTAL | | | | | $27,059.20 |
| LIQUIDATED DAMAGES | | | | | $27,059.20 |
| TOTAL | | | | | $54,118.40 |

## V. CONCLUSION

Upon the foregoing, the Clerk of Court is directed to **ENTER JUDGMENT** against Community of Hope Center, Inc. d/b/a Walter Wesley Joyner Academy and in favor of Plaintiff Willie Mack Henry in the amount of $42,792.00; in favor of Plaintiff Brian Powell in the amount of $24,615.00; in favor of Plaintiff Shaun Powell in the amount of $1523.00; in favor of Plaintiff Melvin Thomas in the amount of $34,123.20; in favor of Plaintiff Ebb O'Neal, Jr. in the amount of $18,000; in favor of Plaintiff Author Lee Havard in the amount of $10,309.20; and in favor of Plaintiff Charline Wright in the amount of $54,118.40.

Further, it is well settled that the FLSA mandates an award of reasonable attorney's fees and costs to a prevailing plaintiff. See 29 U.S.C. § 216(b); Simon v. Leaderscape LLC, 565 F. Supp. 2d 1332 (S.D. Fla. 2008) (awarding attorney's fees to plaintiffs who prevailed by virtue of default). Accordingly, Plaintiffs are directed to file their motion for attorney's fees and costs within twenty-one (21) days hereof, in which they should include affidavits and itemized worksheets detailing the tasks and time spent on the case, their respective hourly rates, and the costs incurred.

Finally, the case shall be re-opened and placed back on the active docket of the Court. Plaintiffs shall notify the Court with respect to their intention in prosecuting the claim

of Plaintiff Carolyn Horne as well as their collective claims against Defendant Johnny Vaughn within fourteen (14) days hereof. Failure to do so shall result in the dismissal of these claims for failure to prosecute without further notice.

The Clerk shall send a service copy of this Order to the following address:

> Community of Hope Center, Inc.
> c/o Mr. Johnny Vaughn
> Post Office Box 1072
> Dublin, Georgia 31040

**ORDER ENTERED** at Augusta, Georgia, this _____ day of March, 2017.

_____
UNITED STATES DISTRICT JUDGE