FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2017 MAR 23 PM 2:33
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| WILLIE MACK HENRY, BRIAN POWELL, SHAUN POWELL, MELVIN THOMAS, EBB O'NEAL, JR., AUTHOR LEE HAVARD, CHARLINE WRIGHT, and CAROLYN HORNE, <br><br> Plaintiffs, <br><br> v. <br><br> COMMUNITY OF HOPE CENTER, INC., d/b/a WALTER WESLEY JOYNER ACADEMY and JOHNNY VAUGHN, <br><br> Defendants. | CV 314-118 |

O R D E R

On March 1, 2017, this Court entered default judgment in favor of all named Plaintiffs in this action except Plaintiff Carolyn Horne because no evidence had been submitted respecting her damages. On March 14, 2017, Plaintiff Horne submitted an affidavit in support of her damages claim against Defendant Community of Hope Center, Inc. d/b/a Walter Wesley Joyner Academy (the "Academy") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Plaintiff Horne seeks unpaid overtime wages.

Incorporating herein the findings of fact and conclusions of law set forth in the Order of March 1, 2017, Plaintiff Horne is entitled to default judgment. "[T]hree distinct

matters [are] essential in considering any default judgment: (1) jurisdiction; (2) liability; and (3) damages." Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004). In sum, the allegations of the instant complaint establishes this Court has jurisdiction. The complaint also establishes that Plaintiff Horne was employed by the Academy and treated as an exempt employee under the FLSA when in fact she was not. Consequently, Plaintiff Horne worked overtime hours for which she was not paid when in fact she should have been. Moreover, the Academy's failure to pay overtime wages to Plaintiff Horne was "willful" within the meaning of the FLSA.[1] Thus, the Academy is liable to Plaintiff for overtime pay and statutory damages.

With respect to Plaintiff Horne's damages, under § 207 of the FLSA, "an employer may not employ his employee for a workweek longer than forty hours unless his employee receives overtime compensation at a rate not less than one and a half times his regular rate." Allen v. Bd. of Pub. Educ. for Bibb Cnty., 495 F.3d 1306, 1314 (11th Cir. 2007) (citing 29 U.S.C. § 207(a)(1)). In this case, Plaintiff Horne worked 40 hours of overtime from the period of June 3, 2013 to August 1, 2013.

---

[1] The allegation of willfulness is important because a district court has no discretion to reduce or deny an award of liquidated damages under 29 U.S.C. § 216(b) if the FLSA violation was willful. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1282-83 (11th Cir. 2008).

(See Aff. of Carolyn Horne, ¶¶ 4-5.) Her overtime rate of compensation for that time period would have been $10.88. (Id., ¶ 8.) Plaintiff Horne should have been paid $435.20 (40 x $10.88) in overtime during that time period; she is therefore owed $435.20 in overtime wages and $435.20 in statutory damages, for a total damages award of $870.40.

Upon the foregoing, the Clerk of Court is directed to **ENTER JUDGMENT** against Community of Hope Center, Inc. d/b/a Walter Wesley Joyner Academy and in favor of Plaintiff Carolyn Horne in the amount of $870.40.

The Clerk shall send a service copy of this Order to the following address:

    Community of Hope Center, Inc.
    c/o Mr. Johnny Vaughn
    Post Office Box 1072
    Dublin, Georgia 31040

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of March, 2017.

_____
UNITED STATES DISTRICT JUDGE