IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

WILLIE MACK HENRY, BRIAN POWELL, \*
SHAUN POWELL, MELVIN THOMAS, EBB \*
O'NEAL, JR., AUTHOR LEE HAVARD, \*
CHARLINE WRIGHT, and CAROLYN \*
HORNE, \*
　　　　　　　　　　　　　　　　　　 \*
　　　　　　　　　　　　　　　　　　 \*　　CV 314-118
　　　　Plaintiffs, \*
　　　　　　　　　　　　　　　　　　 \*
　　v. \*
　　　　　　　　　　　　　　　　　　 \*
JOHNNY VAUGHN, \*
　　　　　　　　　　　　　　　　　　 \*
　　　　Defendant. \*

O R D E R

**TAKE NOTICE** that this case is scheduled for a pre-trial conference on <u>Tuesday, August 29, 2017, at 11:00 a.m.</u>, at the J. Roy Rowland Federal Courthouse in Dublin, Georgia. The purpose of this conference is to review the parties' Proposed Consolidated Pretrial Order and to ready the case for trial. Lead counsel for Plaintiffs and Defendant Johnny Vaughn, who is proceeding <u>pro se</u>, are required to attend.

On October 21, 2014, Plaintiffs filed this action against Defendants Community of Hope Center, Inc. d/b/a Walter Wesley Joyner Academy (the "Academy") and its Chief Executive Officer, Johnny Vaughn, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiffs seek unpaid

overtime wages as well as liquidated damages under 29 U.S.C. § 216(b) and attorney's fees and costs. Defendants were previously represented by two attorneys out of Macon, Georgia. Discovery in the case closed on August 21, 2015. No dispositive motions were filed.

The parties were directed to prepare the case for trial in January 2016. However, because of Defendant Johnny Vaughn's health issues, the case was stayed until March 14, 2016. (Doc. Nos. 28 & 29.) The case was again stayed for sixty (60) days on March 15, 2016, so that the parties could discuss settlement. (Doc. No. 31.) In May 2016, the Court granted another stay of the case because the parties wanted to hold a magistrate-supervised settlement conference. (Doc. No. 34.) This settlement conference was never convened. Instead, defense counsel filed a motion to withdraw from the case in September 2016.

Defendant Community of Hope Center, Inc. was warned on two separate occasions that it must retain counsel. (See Orders of Sept. 6 and Nov. 9, 2016, Doc. Nos. 36 & 37.) It failed to do so. Accordingly, its answer was stricken from the record. (See Order of Dec. 27, 2016, Doc. No. 38.) Ultimately, default judgment was entered against Defendant Community of Hope Center, Inc. in favor of each individual plaintiff in varying amounts. (See Orders of Mar. 1 and Mar. 23, 2017, Doc. Nos. 43 & 49.) Thus, Defendant Community of

2

Hope Center, Inc. and any matters related to it are no longer part of this case.

On April 10, 2017, Plaintiffs were ordered to notify this Court of their intention with respect to their FLSA claims against Defendant Vaughn. (Doc. No. 54.) Plaintiffs timely responded that they wished to pursue their claims against Defendant Vaughn, and thus, the Court directed the parties to meet, confer, and submit a Proposed Consolidated Pretrial Order ("Proposed PTO").

The Proposed PTO was submitted on May 31, 2017. In the Proposed PTO, Defendant Vaughn raises several points that the Court will address at this time. First, Defendant Vaughn did not assert a counterclaim in his answer to the complaint filed, by and through counsel, on December 4, 2014. The deadline for amending the pleadings was February 2, 2015. Accordingly, Defendant Vaughn cannot "seek a counterclaim against each plaintiff in the amount of $79,000 of attorney fees since 2013 and $250,000 for damages to Community Hope Center, Inc. and the defendant's character." (See Proposed PTO, Doc. No. 60, ¶ 9.) Plaintiffs are the only parties that may put their claims for relief and damages to the jury at trial. Defendant Vaughn does not have a claim for damages in the case, and he will not be permitted to amend his answer at this late date.

Second, Defendant Vaughn complains that his attorneys did

not file particular motions in the case. Generally speaking, this Court will not delve into the matter of Defendant Vaughn's prior counsel's representation. Addressing one point, however, Defendant Vaughn asserts that his counsel did not have "license for Federal Court." (Proposed PTO, Doc. No. 60-2, Ex. B.) This assertion is erroneous. C. Brian Jarrard, Esq. is a member of the district bar, and Charles E. Cox, Jr., Esq. was permitted to appear pro hac vice in this case. Thus, there is no problem with prior defense counsel's admission to practice before this Court.

Third, Defendant Vaughn raises the issue of the statute of limitations. The applicable statute of limitations, a defense raised in the answer, will be enforced against Plaintiffs' claims for damages. The statute of limitations for an FLSA overtime compensation claim is two years unless the employer's violation was willful, in which case the FLSA allows a three-year limitations period. See 29 U.S.C. § 255(a). The issue of willfulness must be determined by a jury.

Fourth, discovery in the case has been closed for a substantial period of time. Accordingly, any issue that the parties may have with respect to interrogatories answered or unanswered will not be addressed unless it bears directly upon a motion in limine or an evidentiary matter at trial.

Finally, Defendant Vaughn states that he is under a

4

doctor's care for cancer treatment. The Court will make any reasonable and necessary accommodation for treatment but the case will not be stayed indefinitely. The case is nearly three years old and must be resolved as soon as practicable.

**ORDER ENTERED** at Augusta, Georgia, this 5th day of July, 2017.

　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE