IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2017 NOV -2  A 11: 16

CLERK_____
SO. DIST. OF GA.

```
WILLIE MACK HENRY, BRIAN POWELL,   *
SHAUN POWELL, MELVIN THOMAS, EBB   *
O'NEAL, JR., AUTHOR LEE HAVARD,    *
CHARLINE WRIGHT, and CAROLYN       *
HORNE,                             *
                                   *   CV 314-118
        Plaintiffs,                *
                                   *
    v.                             *
                                   *
JOHNNY VAUGHN,                     *
                                   *
        Defendant.                 *
```

## O R D E R

The captioned matter brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, is scheduled for a bench trial on November 28, 2017. In its Order of October 10, 2017, the Court granted Plaintiffs' motion to withdraw their request for a jury trial.

At present, Defendant Johnny Vaughn has moved the Court to reconsider the Order of October 10, 2017. In the Order, the Court noted that Defendant Vaughn did not object or otherwise discuss Plaintiffs' representation at the pretrial conference that they planned to file a motion to withdraw their jury demand. The Court also noted that Defendant Vaughn did not timely respond to Plaintiffs' written motion to withdraw, which was filed on September 8, 2017. Accordingly,

the Court determined that Defendant Vaughn consented to the withdrawal of the jury trial demand. (See Order of Oct. 10, 2017, Doc. No. 69, at 2-3.)

In the motion for reconsideration, Defendant Vaughn complains that he did not affirmatively assent to the withdrawal of the jury demand at the pretrial conference because he was not asked. This argument is unavailing, however, because the Court gave Defendant Vaughn every opportunity to bring up the matter when it asked him more than once if he had anything else he wanted to discuss. More importantly, the Court has now had opportunity to review the audio recording of the pretrial conference proceeding. The following exchange took place:

> THE COURT: What else, Mr. Vaughn?
>
> DEFENDANT: I was looking at the pretrial order here. There's some things on here that I did not -- that I saw for the first time and I was not in agreement with any jury trial. I was not in agreement.

Thus, Defendant Vaughn affirmatively stated at the pretrial conference that he did not want a jury trial.

Defendant Vaughn also insists that he sent his request for a jury trial two days after he received Plaintiffs' motion to withdraw but that it was sent back to him because he had not signed it. The record of the case belies this assertion.

The Clerk docketed a Notice of Filing Deficiency on October 3, 2017, as to "Defendant Notice of Jury Trial Request," which is dated September 28, 2017. Defendant Vaughn's response to Plaintiff's motion to withdraw was due to be filed on September 22, 2017; accordingly, Defendant Vaughn's attempt to object was filed too late even if it had not been deficient.[1]

A motion for reconsideration will not be granted unless the movant can show: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. See, e.g., Ctr. for Biological Diversity v. Hamilton, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Ga. 1994). Defendant Vaughn has not established any of these criteria. Therefore, his motion to reconsider the Order of October 10, 2017 (doc. no. 70), which allowed the jury trial demand to be withdrawn, is hereby **DENIED**.

Defendant Vaughn also filed a "Motion to Dismiss Statute of Limitations." The statute of limitations for an FLSA overtime compensation claim is two years unless the employer's violation was willful, in which case the FLSA allows a three-year statute of limitations period. See 29 U.S.C. § 255(a).

---

[1] In fact, Defendant Vaughn's deficient "Notice of Jury Trial Request" was filed two days after the Court granted Plaintiffs' motion to withdraw their jury demand.

Through his motion, Defendant Vaughn complains that "[n]o plaintiff has addressed or stated that any act of the employer was willful."  (Doc. No. 71, at 1.)  This is not true.  Plaintiffs assert throughout the complaint that the failure to compensate them in accordance with the FLSA was willful.  (Compl., Doc. No. 1, ¶¶ 36, 41, 49, 57, 64, 71, 79, 87, 95, 103.)  Defendant Vaughn raised the statute of limitations defense in his answer (Ans., Doc. No. 6, Third Defense), and it will be enforced against Plaintiffs' claims for damages.  Whether the limitations period will be two years or three years will depend upon Plaintiffs' proof at trial.  Indeed, the burden will be on Plaintiffs to show not only an FLSA violation but also that any violation was willful if they want the three-year statute of limitations to apply.  Accordingly, to the extent that Defendant Vaughn seeks to foreclose the opportunity for Plaintiffs to establish willfulness in the trial of the case, his motion to dismiss (doc. no. 71) is **DENIED**.  Both parties will be permitted to introduce any admissible evidence on the issue of willfulness for the purpose of determining the correct statute of limitations.

    **ORDER ENTERED** at Augusta, Georgia, this ___2nd___ day of November, 2017.

                                                UNITED STATES DISTRICT JUDGE