IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| WILLIE MACK HENRY, BRIAN POWELL, SHAUN POWELL, MELDON THOMAS, EBB O'NEAL, JR., AUTHOR LEE HAVARD, CHARLINE WRIGHT, and CAROLYN HORNE, <br><br> Plaintiffs, <br><br> v. <br><br> JOHNNY VAUGHN, <br><br> Defendant. | CV 314-118 |

## ORDER

The captioned matter came before the Court for a non-jury trial on November 28-29, 2017, in Dublin, Georgia. In the case, Plaintiffs seek damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* At the conclusion of the trial, I entered my findings of fact and conclusions of law in accordance with Federal Rule of Civil Procedure 52(a). Those findings and conclusions are specifically incorporated herein by reference as articulated on the record at the trial on November 29, 2017, beginning at approximately 1:35 p.m.

Upon these findings, I orally determined that Defendant Johnny Vaughn, the corporate officer with operational control of the entity Community of Hope Center, Inc. and the related facility Walter Wesley Joyner Academy, is liable to Plaintiffs for his failure to pay time and half for hours worked in excess of 40 hours per week. See 29 U.S.C. §§ 207(a)(1)

& 216(b); <u>Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.</u>, 515 F.3d 1150, 1160 (11th Cir. 2008). Moreover, I concluded that Defendant Vaughn's violations of the FLSA were willful; accordingly, the three-year statute of limitations is applicable to Plaintiffs' claims for overtime.[1] <u>See</u> 29 U.S.C. § 255(a). Concomitantly, I determined that Defendant Vaughn did not act in good faith; thus, Plaintiffs are entitled to liquidated damages. <u>See</u> 29 U.S.C. § 260. Finally, Plaintiffs are entitled to attorney's fees and costs as well. <u>See</u> 29 U.S.C. § 216(b).

Upon this finding of liability, the Court turned to damages, asking whether each individual Plaintiff had established by a preponderance of the evidence that he or she performed work for which they had not been properly compensated. I entered my findings and conclusions relative to each Plaintiff, commenting upon whether he or she had produced sufficient evidence to show the amount and extent of overtime work as a matter of just and reasonable inference. <u>See</u> <u>Allen v. Bd. of Public Educ. for Bibb Cnty.</u>, 495 F.3d 1306, 1315-16 (11th Cir. 2007) (quoted source omitted). In short, I found that certain testimony from Plaintiffs and witness, Angela Washington,[2] buttressed by the documentary evidence, particularly the pay stubs admitted as Exhibits 10-16, demonstrates that Plaintiffs Willie Mack Henry, Brian Powell, Shaun Powell, Meldon Thomas, Ebb O'Neal, Jr., Charline Wright and Carolyn Horne had worked overtime hours for which they had not been

---

[1] Accordingly, no Plaintiff may recover for overtime hours worked prior to October 21, 2011, three years prior to the date of filing of the complaint.

[2] Angela Washington was the Service Program Director for the Community of Hope Center, Inc. at all relevant times.

compensated at time and a half.[3] The precise amount of damages, however, could not be calculated at that time and in that setting. Rather, the Court deferred ruling on the issue of the amount of damages until a more considered examination of the relevant evidence, particularly the pay stubs, could be performed.

Upon examination of the evidence of record, and upon the findings of fact and conclusions of law as articulated on November 29, 2017, the Court sets forth its findings with respect to the amount of damages for the individual Plaintiffs in the following chart. To be clear, the damages calculation is an exercise in the realm of "reasonable and just inferences." As discussed at the hearing, no Plaintiff could recover damages on the strength of his or her testimony standing alone. However, the testimony was supported by documentary evidence, i.e., the so-called pay stubs. These pay stubs offer the minimum but sufficient clarity from which the Court has drawn reasonable and just inferences as to the rates of pay and the amount of overtime work. While certain Plaintiffs may have worked more overtime hours, e.g., on weekends, without some specification, support, or verification, a reasonable estimate cannot be determined. Accordingly, the Court relies largely upon the pay stubs as a basis for any recovery.

---

[3] The Court concluded that Plaintiffs did not produce sufficient evidence from which the Court could conclude how much overtime, if any, Plaintiff Author Lee Havard had worked. Thus, Plaintiff Havard will not be awarded damages in this case.

| Plaintiff | Overtime Work Period[1] | Salaried or Hourly | Rate of Pay[2] | Overtime Hours to be Compensated[3] | Amount of Work to be Compensated | Overtime Amount Owed[4] | Liquidated Damages | TOTAL |
|---|---|---|---|---|---|---|---|---|
| Willie M. Henry | Feb. 15, 2012 - June 1, 2013 | $1500/mo | $9.375/hr $14.06/hr OT | 20 hours per week | 62 weeks | $17,434.40 | $17,434.40 | **$34,868.80** |
| Brian Powell | Apr. 2, 2013 - Oct. 1, 2013 | $1750/mo | $10.94/hr $16.41/hr OT | 20 hours per week | 24 weeks | $7,876.80 | $7,876.80 | **$15,753.60** |
| Shaun Powell | July 2, 2013 - Aug. 1, 2013 | $7.25/hr | $7.25/hr $10.88/hr OT | 70 hours | | $254.10 | $254.10 | **$508.20** |

---

[1] The Overtime Work Period reflects only those periods for which the Court has determined a Plaintiff is entitled to some compensation and is derived solely from the pay stubs in Exhibits 10-16.

[2] The hourly rate of pay for salaried employees is determined by dividing their monthly salary by 160 hours. For sake of convenience, the Court considered each month to have four weeks regardless of the number of days in the given month.

[3] Upon the Court's findings of fact announced at the conclusion of the bench trial, the so-called "salaried employees" are determined to have worked 12-hour shifts, five days a week, for a total of 60 hours per week. Thus, they will be compensated for 20 hours per week for the number of weeks they worked while salaried.

With respect to hourly employees, because the pay stubs in Exhibits 10-16 only reflect the number of hours worked in a month, the Court may only award those Plaintiffs for the months in which they worked more than 160 hours. Thus, the hourly employees will only be compensated for the hours they worked in excess of 160 hours per month.

[4] For salaried employees, the "Overtime Amount Owed" is computed as follows: Overtime Rate of Pay x Overtime Hours to be Compensated x Amount of Work to be Compensated. For example, Brian Powell's damages are derived as follows: $16.41 x 20 hours x 26 weeks = $8,533.20.

For hourly employees, the "Overtime Amount Owed" is computed as follows: Overtime Rate of Pay x Overtime Hours to be Compensated. However, the pay stubs from which the information is derived show that these employees were paid for the overtime hours (i.e., hours in excess of 160 hours per month), but just not at the overtime rate of time and a half. Accordingly, the rate of compensation for purposes of damages is computed using the difference between the hourly rate and the overtime hourly rate. For example, Shaun Powell's damages are derived as follows: ($10.88 - $7.25 =) $3.63 x 70 hours = $254.10.

| Plaintiff | Overtime Work Period | Salaried or Hourly | Rate of Pay | Overtime Hours to be Compensated | Amount of Work to be Compensated | Overtime Amount Owed | Liquidated Damages | TOTAL |
|---|---|---|---|---|---|---|---|---|
| Meldon Thomas | Mar. 15, 2012 - May 14, 2012 | $1200/mo | $7.50/hr $11.25/hr OT | 20 hours per week | 8 weeks | $1800.00 | $1800.00 | $3600.00 |
|  | Sept. 15, 2012 - Oct. 14, 2012 | $7.25/hr | $7.25/hr $10.88/hr OT | 1 hour |  | $3.63 | $3.63 | $7.26 |
|  | July 2, 2013 - Sept. 1, 2013 | $1200/mo | $7.50/hr $11.25/hr OT | 20 hours per week | 8 weeks | $1800.00 | $1800.00 | $3600.00 |
|  |  |  |  |  |  |  | THOMAS TOTAL: | $7,207.26 |
| Ebb O'Neal, Jr. | Sept. 15, 2012 - July 1, 2013 | $1200/mo | $7.50/hr $11.25/hr OT | 20 hours per week | 38 weeks | $8550.00 | $8550.00 | $17,100.00 |
| Charline Wright | June 15, 2012 - Aug. 14, 2012 | $1200/mo | $7.50/hr $11.25/hr OT | 20 hours per week | 8 weeks | $1800.00 | $1800.00 | $3600.00 |
|  | Aug. 15, 2012 - Oct. 1, 2013 | $1400/mo | $8.75/hr $13.13/hr OT | 20 hours per week | 54 weeks | $14,180.40 | $14,180.40 | $28,360.80 |
|  | Nov. 2, 2013 - Jan. 1, 2014 | $7.25/hr | $7.25/hr $10.88/hr OT | 46 hours |  | $166.98 | $166.98 | $333.96 |
|  |  |  |  |  |  |  | WRIGHT TOTAL: | $32,294.76 |
| Carolyn Horne | May 2, 2013 - July 1, 2013 | $7.25/hr | $7.25/hr $10.88/hr OT | 72 hours |  | $261.36 | $261.36 | $522.72 |

Upon the foregoing, the Clerk of Court is directed to **ENTER JUDGMENT** against Defendant Johnny Vaughn and in favor of Plaintiff Willie Mack Henry in the amount of $34,868.80; in favor of Plaintiff Brian Powell in the amount of $15,753.60; in favor of Plaintiff Shaun Powell in the amount of $508.20; in favor of Plaintiff Meldon Thomas in the amount of $7,207.26; in favor of Plaintiff Ebb O'Neal, Jr. in the amount of $17,100.00; in favor of Plaintiff Charline Wright in the amount of $32,294.76; and in favor of Plaintiff Carolyn Horne in the amount of $522.72.  The Clerk is further directed to **ENTER JUDGMENT** in favor of Defendant Johnny Vaughn as against Plaintiff Author Lee Havard.

Plaintiffs are also entitled to an award of reasonable attorney's fees and costs. Accordingly, Plaintiffs are directed to file their motion for attorney's fees and costs within fourteen (14) days hereof, in which they should include affidavits and itemized worksheets detailing the tasks and time spent on the case, their respective hourly rates,[4] and the costs incurred.  Plaintiffs should be careful to include only the time expended since the Court's earlier award of attorney's fees on April 27, 2017.

**ORDER ENTERED** at Augusta, Georgia, this _____ day of December, 2017.

_____
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff's counsel is reminded that the Court has previously determined that a reasonable billing rate in the Dublin Division market is $275.00 per hour. (Order of Apr. 27, 2017, Doc. No. 58, at 4.)