FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 JAN -4 PM 2:58
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

WILLIE MACK HENRY, et al.,     *
                                          *
    Plaintiffs,                *
                                          *
      v.                        *     CV 314-118
                                          *
JOHNNY VAUGHN,            *
                                          *
    Defendant.               *

_____

O R D E R

_____

On December 4, 2017, this Court entered judgment against Defendant Johnny Vaughn on claims by certain Plaintiffs under the Fair Labor Standards Act. The Court also directed Plaintiffs to file their motion for attorney's fees and costs. (Doc. No. 83, at 6.)

On December 18, 2017, Plaintiffs submitted the affidavits of their two attorneys, Danielle Obiorah and Teri D. Fields, both of the law firm Obiorah Fields, LLC, in Jonesboro, Georgia. It is well settled that the FLSA mandates an award of reasonable attorney's fees and costs to a prevailing plaintiff. 29 U.S.C. § 216(b). An award of fees, however, must be reasonable and fall within the guidelines the Eleventh Circuit has promulgated. See Norman v. Housing Auth. of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The Eleventh Circuit has adopted the lodestar method for determining

reasonable attorney's fees. Id. at 1299-1302. The "lodestar" is determined by multiplying an attorney's reasonable hourly rate by the number of compensable hours reasonably expended. Bivens v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). In determining the reasonable hourly rate and the number of hours reasonably expended, a court should consider the twelve Johnson factors.[1] Bivens, 548 F.3d at 1350 n.2 (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)). The burden is on the fee applicant, here Plaintiffs, to establish entitlement to the requested fee and to document the appropriate hours and hourly rates. Norman, 836 F.2d at 1299.

*Hours Reasonably Expended*

In determining the number of hours reasonably expended, the Court must consider whether the work sought to be compensated was "useful and of a type ordinarily necessary to secure the final result obtained from the litigation." Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 561 (1986) (citations omitted). Courts must

---

[1] The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

2

exclude hours that were "excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434 (1989). Plaintiffs provided records of the hours worked in the case as follows:

Obiorah:     161.20 hours

Fields:      37.85 hours

After reviewing counsel's affidavits and billing records, the Court finds that counsel's efforts in litigating the matter were proper, customary, and reasonable, and there appears to be no unnecessary duplication of effort. Accordingly, the requested hours should be compensated as set forth above.

### Reasonable Hourly Rate

A reasonable rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299; see also Blum v. Stenson, 465 U.S. 886, 895-96 n.22 (1984). The relevant legal community is the district in which the Court sits, that being the Southern District of Georgia, Dublin Division. See Knight v. Alabama, 824 F. Supp. 1022, 1027 n.1 (N.D. Ala. 1993) (citing Turner v. Secretary of Air Force, 944 F.2d 804, 808 (11th Cir. 1991)). This Court has already determined that Plaintiffs' counsel's billing rate will be set at $275.00 per hour. (See Order of April 27, 2017, Doc. No. 58, at 4.)

*Lodestar*

Upon the foregoing, the Court finds a lodestar to be:

Obiorah:     161.20 hours at $275.00/hour = $44,330.00

Fields:       37.85 hours at $275.00/hour = $10,408.75

                                    TOTAL:   $54,738.75


*Conclusion*

Plaintiffs' motion for attorney's fees (doc. no. 86) is **GRANTED**. The Clerk is directed to **ENTER JUDGMENT** against Defendant Johnny Vaughn awarding Plaintiffs $54,738.75 in attorney's fees. The Clerk is further directed to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this ___ day of January, 2018.

_____
UNITED STATES DISTRICT JUDGE

4